

CRAWFORD C. MARTIN
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

July 21, 1970

Honorable Jules Damiani, Jr.          Opinion No. M-661
Criminal District Attorney
Galveston County Courthouse           Re:  Whether a county may make
Galveston, Texas  77550                    grants of public funds to
                                           a religious charitable
Dear Mr. Damiani:                          institution.

          Your request for an opinion of the above subject
matter asks:

          "Whether or not Galveston County can make
     a grant of public funds to Saint Vincent's
     House which is a religious charitable insti-
     tution."

          Section 50 of Article III of the Constitution of
Texas reads:

          "The Legislature shall have no power to
     give or to lend, or to authorize the giving or
     lending, of the credit of the State in aid of,
     or to any person, association or corporation,
     whether municipal or other, or to pledge the
     credit of the State in any manner whatsoever,
     for the payment of the liabilities, present
     or prospective, of any individual, association
     of individuals, municipal or other corporation
     whatsoever."

          Section 51 of Article III of the Constitution of
Texas provides, in part:

          "The Legislature shall have no power to
     make any grant or authorize the making of any
     grant of public moneys to any individual, as-
     sociation of individuals, municipal or other
     corporations whatsoever; . . ."

          Section 52 of Article III of the Constitution of
Texas provides, in part:

-3160-

"The Legislature shall have no power to
authorize any county, city, town or other politi-
cal corporation or subdivision of the State to
lend its credit or to grant public money or
thing of value in aid of, or to any individual,
association or corporation whatsoever, or to
become a stockholder in such corporation, as-
sociation or company; . . ."

Section 3 of Article VIII of the Constitution of
Texas reads:

"Taxes shall be levied and collected by
general laws and for public purposes only."

Section 3 of Article XI of the Constitution of Texas
provides:

"No county, city or other municipal corpora-
tion shall hereafter become a subscriber to the
capital of any private corporation or association,
or make any appropriation or donation to the same,
or in anywise loan its credit; but this shall not
be construed to in any way affect any obligation
heretofore undertaken pursuant to law."

Section 6(a) of Article XVI of the Constitution of
Texas reads:

"No appropriation for private or individual
purposes shall be made, unless authorized by this
Constitution. A regular statement, under oath,
and on account of the receipts and expenditures
of all public money shall be published annually,
in such manner as shall be prescribed by law."

In Attorney General's Opinion O-5563 (1943) it was
held that the above quoted constitutional provisions* did not
allow Travis County to contribute moneys monthly for the support
of the Altheim, the Settlement Club and the Childrens' Home, all
private charitable institutions. We quote from Attorney General's

*The amendment of Article XVI in 1966, subsequent to Opinion
O-5563, did not alter the substantive portion of that Article
which is applicable to the question now before us.

Opinion O-5563 as follows:

>"In Opinion No. O-1001 this department held
>that under the Articles of the Constitution re-
>ferred to, a county has no authority to make
>donations to the Tuberculosis Association, the
>American Red Cross or other private charitable
>organization; and reference was made in the
>opinion to conference Opinion No. 2662 of this
>department, dated February 4, 1927, 1926-1928
>Attorney General's Report, page 390, et seq.,
>holding that the commissioners' court has no
>authority to appropriate public funds to
>charitable institutions managed and controlled
>by private individuals.

>"We still adhere to the views expressed in
>those opinions and we must, therefore, advise
>you that, under the Constitution of Texas, Travis
>County may not make the donations which were the
>subject of your opinion requests."

Likewise it was held in Attorney General's Opinion
O-7197 (1946):

>"Conference Opinion No. 2662 of this de-
>partment, dated February 4, 1927, book 62, page
>46, Reports and Opinions of the Attorney General,
>1926-1928, and followed in numerous opinions,
>among which are Opinions No. O-1001 approved
>December 13, 1939, and O-5563 approved September
>17, 1943, held that the commissioners' court
>has no authority to appropriate or donate
>public funds to charitable institutions, operated
>and managed or controlled by private individuals.

>"In view of the foregoing authorities, you
>are respectfully advised that in the opinion of
>this department the Commissioners' Court is with-
>out legal authority to donate county funds to the
>building within the county of a privately chartered
>co-operative hospital."

In view of the foregoing you are advised that Galveston
County has no authority to make a grant of public funds to a
religious charitable institution.

## S U M M A R Y

A county has no authority to make a grant of public funds to a religious charitable institution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Dyer Moore
Brandon Bickett
Roger Tyler
Rex White

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant